UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael S. Elkins, | Civil No. 06-335 (PJS/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carol Holinka, Warden, | |
| Respondent. | |

_____

Pro Se Petitioner.
Anders Folk, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge upon a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1] and Petitioner's Motions: For Court Order and/or To Hold Writ in Abeyance; To Supplement Reply Brief Writ of Habeas; To Intervene; To Court-Regarding Fraud Rules of Civil Procedure 9(B); for Emergency Injunction; and To Remove his "Motion to Hold This Writ in Abeyance" and To Enter Judgment [##9-12, 14, 21]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that the Petition be denied, that Petitioner's motions be denied and that this matter be dismissed with prejudice.

**I. BACKGROUND**

Petitioner initiated this action on January 24, 2006, alleging that he was improperly denied jail credit for time served from December 11, 1996, through April 28, 1997,[1] and that he has not

_____

[1] Petitioner has since withdrawn this claim. See Petitioner's Correspondence, June 10, 2006, Exh. A (stating in an administrative remedy request that he would "drop the jail-time credit

-1-

been credited for 11-months of service on his federal sentence.  Petition for Writ of Habeas Corpus, ¶¶ 4-5, 14; [#1].  On December 10, 1996, Petitioner started a 10-year state sentence in Wisconsin for case number 91-CR-1101D and a 5-year consecutive sentence in case number 91-CR-1101B.  Burke Decl., ¶ 3, Att. B, p. 5; [#21].  Petitioner asserts that he was arrested on December 11, 1996, pursuant to a federal warrant and U.S. Marshals' "hold", and that he remained in federal custody until April 28, 1997.  Petition, ¶ 4.  Notably, it was on January 13, 1997, that the federal arrest warrant was issued for Petitioner.  Id., Exh. A; Burke Decl., ¶ 5.  On April 25, 1997, Petitioner was taken into federal custody pursuant to a federal writ and returned to Wisconsin state custody on April 28, 1997.  Petition, Exh. B1-B2; Burke Decl., ¶ 5.

On December 18, 1997, Petitioner was convicted in the United States District Court for the Eastern District of Wisconsin for one count of Bank Fraud and sentenced to a term of 24-months in prison "to run consecutively to the terms of imprisonment the [Petitioner served] on the revocation of his probation, case number 91-CR-1101 and case number 95-CM-1895."  Id., ¶4, Att. C, p. 2.  Petitioner asserts that he reached "mandatory release" on his state sentences on January 5, 2005, and that service of his federal sentence had to begin on January 6, 2005.  Petition, ¶14.  According to Respondent, Petitioner completed serving his state prison sentences on December 6, 2005, and was taken into federal custody to begin service of his federal sentence.  Burke Decl., ¶ 4.  Respondent calculates Petitioner's projected release date is September 2, 2007.  Id., ¶ 2.

## II. DISCUSSION

### A.   Petitioner's Miscellaneous Motions

As an initial matter, the Court must first address a number of Motions which Petitioner has

---

argument, since it is moot[.]").

filed in this matter. On March 24, 2006, Petitioner filed a Motion requesting that the Court Order Respondent to accept and process a "BP-9" form, and to hold the Petition for a Writ of Habeas Corpus in abeyance. [#9]. However, on October 16, 2006, the Court received Petitioner's Motion to Remove his "Motion to Hold This Writ in Abeyance" and for the Court to Enter Judgment. [#21]. Petitioner informs the Court that he has exhausted his administrative remedies, and that there is no longer a need to hold this matter in abeyance. Id. As the Court understands Petitioner's October 16 Motion, he has essentially withdrawn his Motion of March 24. With respect to Petitioner's request for an Entry of Judgment, the Court notes that Petitioner echoes his prayer for relief presented in the original petition. The Court thus recommends that Petitioner's Motion For Court Order and/or To Hold Writ in Abeyance [#9] and to Remove his "Motion to Hold This Writ in Abeyance" and for the Court to Enter Judgment [#21], be denied as moot.

On April 3, 2006, Petitioner filed a Motion to Supplement Reply Brief. [#10]. The moving papers generally alert the Court to additional assertions of fact and citations of law, but do not request that the Court order any relief. To the extent that a motion is presented, the Court recommends that it be denied.

Also on April 3, 2006, Petitioner filed a Motion requesting that he be allowed to "intervene" in a number of other cases under Fed. R. Civ. P. 24(2). [#11]. Presumably, Petitioner refers to Rule 24(b), which governs permissive intervention "in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Petitioner asserts that he is a certified paralegal and that he assisted a number of fellow prisoners in preparation of Habeas Corpus Petitions. Petitioner requests that the Court allow him access to Responsive pleadings in each case in order that

he be better able to assist the various Petitioners. Pursuant to Rule 24, "[a] person desiring to intervene shall serve a motion . . . upon the parties as provided in Rule 5." Fed. R. Civ. P. 24(c). The Petitioner needs to seek intervention not in this matter, but in the matters in which he seeks to intervene, and this Court can discern no legal basis on which to insert Petitioner into the matters in the manner in which he requests. Accordingly, the Court recommends that his Motion for Intervention [#11] be denied.

On April 4, 2006, Petitioner filed a "Motion to Court - Regarding Fraud Rules of Civil Procedure 9(b)." [#12]. Petitioner alleges that Respondent has committed a fraud on the court by averring that Petitioner's request for a "nunc pro tunc designation" had been denied.[2] Petitioner argues that Respondent's records show that on August 19, 2005, administratively admitted with a subsequent admission to an in-transit facility. See Burke Decl., Att. A. Petitioner claims that the record shows that he started his federal prison sentence while still in state prison, at least as of the date of August 19, 2005. Petitioner requests that the Court take note of Respondent's fraud and that it conduct an evidentiary hearing. Based on the record, the Court has determined that an evidentiary hearing is unnecessary to the resolution of this matter, and therefore recommends that Petitioner's Motion to Court - Regarding Fraud Rules of Civil Procedure 9(b) [#12] be denied.

On May 3, 2006, Petitioner filed a Motion requesting an injunction pursuant to Rule 36.[3]

---

[2] The Court notes that Fed. R. Civ. P. 9(b) governs pleading of special matters, including fraud, mistake and condition of the mind, and is thus wholly inapplicable to Petitioner's "Motion." Nonetheless, the Court will consider Petitioner's averments of fact in the context of the merits of his Petition for Habeas Corpus.

[3] The Court is at a loss as to the citation of "Rule 36." Under the Federal Rules of Civil Procedure, Rule 36 relates to the discovery process, specifically requests for admission. In contrast, Rule 65 relates to Injunctions.

[#14]. Petitioner asserts that he has been placed in segregation and will be transferred in retaliation for filing this action. In his motion papers, Petitioner states that he "did violate a rule," and "[a]s a result, Respondent has taken the opportunity to illegally inflate the Petitioner's 'points' and attempt to send him to a higher security prison." In reviewing Petitioner's Motion, the Court finds that the allegations put forward by Petitioner do not warrant the entry of an injunction by this Court. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993) (holding that prisoner's transfer, whether or not motivated by his jailhouse lawyering activities, did not violate his civil rights). Accordingly, it is recommended that Petitioner's Motion for Intervention be denied.

On August 4, 2006, Petitioner addressed correspondence to the Court, requesting that the recent ruling in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006) be applied in his case and that he be released to a "Halfway House." [#18]. In response, Respondent argues that Fults has nothing to do with prior custody credit; that Petitioner has raised the issue late in the case and should not be allowed to proceed with it, and that he is no longer incarcerated in the Eighth Circuit and thus Fults is no longer applicable to his case. [#19]. The Court agrees with Respondent that Petitioner needs to raise any claims regarding transfer to a halfway house in the District where he is now confined, and recommends that Petitioner's request be denied.

**B.    The Petition for Writ of Habeas Corpus**

Habeas corpus relief is available to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 is appropriate where a federal petitioner challenges the execution of a sentence or the length or duration of his confinement. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Petitioner asserts that he should be credited 11-months for the period from January 5, 2005, through December 6, 2005, during which

time Petitioner claims that he had begun service of his federal sentence.  Petition, ¶ 19.  Petitioner thus arrives at a release date of August 21, 2006.  Id., ¶ 30.

Respondent first argues that the Petition should be denied because Petitioner has failed to exhaust his administrative remedies.  However, over the course of the litigation in this matter, it appears that Petitioner has fully exhausted all administrative remedies and thus adjudication on the merits is warranted.  See Petitioner's Motion to Remove his "Motion to Hold This Writ in Abeyance", ¶ 7, Exh. D.

The computation of a federal sentence and credit for time served is governed by 18 U.S.C. § 3585.  A federal sentence "commences on the date the defendant is received in custody . . . to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a); Reno v. Koray, 515 U.S. 50, 58 (1995); Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993).  Whichever sovereign first arrests an offender retains primary jurisdiction over that offender until that sovereign releases the offender on bail, or due to dismissal of the charges, parole, or expiration of the first sentence.  See United States v. Cole, 395 F.3d 929, 931 (8th Cir. 2005).

> With respect to the computation of prior custody credit:
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The gravamen of Petitioner's claim is that he was due mandatory release from his state

sentences on January 6, 2005, and that on that date he automatically began serving his federal sentence. Petitioner relies on a sentence computation print out which lists January 6, 2005 as his mandatory release date. See Petition, Exh. H. Respondent, on the other hand, has provided a copy of a fax, dated October 31, 2005, from the Wisconsin Department of Corrections to the U.S. Marshals Service requesting that Petitioner be picked up on December 6, 2005. Burke Decl., Att. B, p. 2. The fax also indicates that Petitioner's mandatory release date was December 10, 2005, and includes hand written calculations of his state sentences over time. Id., Att. B, p. 4-6.

After reviewing the record, the Court finds that Respondent has provided clear evidence that Petitioner's sentences were computed correctly, that he has received full credit for his time served, and that his federal sentence commenced on December 6, 2005, the date he was taken into federal custody. 18 U.S.C. § 3585(a); Cole, 395 F.3d at 931. Crediting Petitioner's federal sentence for the time spent in state custody from January 6, 2005, to December 5, 2005, as he requests, would contravene the clear and unambiguous language of Section 3585(b). See Untied States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993). Accordingly, it is recommended that the Petition be denied and this case be dismissed with prejudice.

### III. RECOMMENDATION

Based upon the file, record and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Petitioner's Motion For Court Order and/or To Hold Writ in Abeyance [#9] be **DENIED**;

2. Petitioner's Motion To Supplement Reply Brief [#10] be **DENIED**;

3. Petitioner's Motion To Intervene [#11] be **DENIED**;

4. Petitioner's Motion To Court-Regarding Fraud Rules of Civil Procedure 9(B) [#12]

be **DENIED**;

     5.     Petitioner's Motion for Emergency Injunction [#14] be **DENIED**;

     6.     Petitioner's Motion To Remove his "Motion to Hold This Writ in Abeyance" and To Enter Judgment [# 21] be **DENIED**;

     7     Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED**, and this case be dismissed with prejudice.


DATED: November 21, 2006                    *s/ Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 11, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.